UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:13-cr-496-T-17JSS

EVERETT J. TAYLOR
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the claim to property ("Claim") filed by Everlecia Taylor ("Claimant") (Dkt. 124.)  On February 7, 2018, the Court held an evidentiary hearing on the Claim.  Claimant did not appear at the evidentiary hearing.

### BACKGROUND

Pursuant to Defendant's guilty plea, the Court entered a preliminary order forfeiting real property located at 3814 N. 53rd Street, Tampa, Florida, 33619 ("Property"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  (Dkt. 118 at 2.)  Claimant asserts that she is the owner of the Property, attaching the deed to the Property that identifies her as the grantee.  (Dkt. 124.)

### ANALYSIS

"In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government, to establish by a preponderance of the evidence, that the property is subject to forfeiture."  18 U.S.C. § 983(c)(1).  As stated above, pursuant to Defendant's guilty plea, the Court found that the Property "was purchased with proceeds and is forfeitable under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)," and, therefore, ordered that the Property was forfeited.  (Dkt. 118.)  The Government has therefore met its initial burden.

It is therefore Claimant's burden to prove, by a preponderance of the evidence, that she "is an innocent owner." 18 U.S.C. § 983(d)(1). The Property was transferred to Claimant in January 2012 (Dkt. 124), after Defendant's criminal conduct began, which was as early as April 2011. (Dkts. 1, 114.) Because Claimant's interest in the Property was acquired after Defendant's conduct, in order for her to be an "innocent owner" at the time she acquired her interest in the Property, Claimant must have been "a bona fide purchaser . . . for value," and must have not known and been "reasonably without cause to believe that the property was subject to forfeiture." 18 U.S.C. § 983(d)(3)(A) (applying to "a property interest acquired after the conduct giving rise to the forfeiture has taken place").[1]

In support of her Claim, Claimant attaches the deed to the Property showing that the Property was transferred to her on January 13, 2012. (Dkt. 124.) Claimant did not appear at the evidentiary hearing or offer any other evidence in support of her Claim. The deed in Claimant's name is not sufficient to show that Claimant was a bona fide purchaser for value and did not know and was reasonably without cause to believe that the Property was subject to forfeiture. 18 U.S.C. § 983(d)(3)(A). Accordingly, because Claimant has not shown by a preponderance of the evidence that she is an innocent owner, it is recommended that her Claim be denied.

Further, at the evidentiary hearing, the Government presented evidence showing that Defendant, not Claimant, paid for the Property. Specifically, in the sales contract for Claimant's 2012 purchase of the Property, in the space for "Buyer," "LOU AND SON CASH" is written but

---

[1] A statute governing criminal forfeitures, 21 U.S.C. § 853, mirrors § 983(d), because it requires a third party asserting an interest in forfeited property to establish by a preponderance of the evidence that "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6); see United States v. Padron, 527 F.3d 1156, 1161–62 (11th Cir. 2008) ("Congress enacted 28 U.S.C. § 2461(c), effective August 23, 2000, to make criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized."); 28 U.S.C. § 2461(c) (stating that the procedures in 21 U.S.C. § 853 "apply to all stages of a criminal forfeiture proceeding").

is crossed out and replaced with Claimant's name. (Gov't Ex. 2.) The title company handling the transaction, All Real Estate Title Solutions, Inc, received the $35,000 Claimant owed to close the transaction (See Gov't Ex. 3), from the TD Bank account of "LOU AND SON CASH." (Gov't Ex. 5.) When this TD Bank account was opened in 2011, Defendant listed himself as the sole proprietor of "LOU AND SON CASH." (Gov't Ex. 7.)

Therefore, because Claimant did not meet her burden of proof, and the Government presented evidence showing that Claimant was not a bona fide purchaser for value of the Property, it is **RECOMMENDED** that the Claim filed by Everlecia Taylor (Dkt. 124) be **DENIED**, and that the Court enter a final order forfeiting the Property to United States of America.

**IT IS SO REPORTED** in Tampa, Florida, on February 9, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Judge Elizabeth A. Kovachevich
Counsel of Record
Everlecia Taylor