UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:13-cr-496-T-02JSS

EVERETT J. TAYLOR
_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Defendant Everett Taylor's motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. §3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 184), the United States' response in opposition (Dkt. 188), and a reply (Dkt. 193). After reviewing the motion and submissions, the Court denies the motion without prejudice.

**Background**

Mr. Everett Taylor is 48 years old and incarcerated at Federal Correctional Institution Coleman – Low in Sumter County, Florida. He pleaded guilty to theft of government property and aggravated identity theft. Dkt. 104 (plea agreement). The sentencing judge imposed a prison term of 102 months. Dkt. 145 (judgment). His projected release is July 2024. Dkt. 188 at 2.

Defendant alleges he "has smoked all his life. Smoking weakened his lungs." Dkt. 184 at 3. He claims he has tested positive for tuberculosis, but he

does not provide documentation showing tuberculosis or any other medical condition that is either severe or substantially diminishes his ability to provide self-care in prison.  *See*, *e.g.*, *United States v. Muhammad*, No. 8:15-cr-309-T-27AEP, 2020 WL 4548089, at *2 (M.D. Fla. Aug. 6, 2020) (denying compassionate release based on pandemic and assertion of chronic asthma without supporting documentation showing inability to provide self-care); *United States v. Dozier*, No. 8:06-cr-108-T-27TGW, 2020 WL 4750478, at *1 (M.D. Fla. Aug. 17, 2020) (denying compassionate release based on pandemic, and allegation of asthma and immunodeficiency).  Tuberculosis, if Defendant does in fact have it and if it is under control, is insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13.  *Cf*. *United States v. Ratz*, No. 2:17-cr-91-FtM-38MRM, 2020 WL 5076305, at *1–2 (M.D. Fla. Aug. 26, 2020) (finding the past medical condition of tuberculosis not recognized by CDC as condition increasing risk, and fear of contracting coronavirus COVID-19 insufficient as extraordinary and compelling reason for reduction under Sentencing Commission's policy statement).

## Applicable Considerations

On August 3, 2020, the warden denied the Defendant's request for compassionate release.  Dkt. 184-1.  There is no indication, however, that Mr.

Taylor exhausted his administrative remedies thereafter. *See* 18 U.S.C. § 3582(c)(1)(A).[1]  Because the exhaustion requirement is mandatory and not waivable, the Court is without authority to grant relief. *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-33AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)), *appeal docketed*, No. 20-13326 (11th Cir. Sept. 3, 2020); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*), *appeal docketed*, No. 20-11692 (11th Cir. May 4, 2020); *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (holding court had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at

---

[1] Some courts have held that the mere passage of 30 days, regardless of whether the warden has responded within that period, permits the defendant to file a motion. *See Dozier*, 2020 WL 4750478, at *1; *United States v. Rey-Durier*, No. 8:15-cr-97-T-27TGW, 2020 WL 4349941, at *1 (M.D. Fla. July 29, 2020). This would seem to undermine the exhaustion of remedies provided for in the same subsection. Others have held if the warden has timely responded within 30 days, then exhaustion is required. *See Rodriguez-Begerano*, No. 8:12-cr-558-T-33AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *United States v. Alejo,* No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)), *appeal docketed*, No. 20-13326 (11th Cir. Sept. 3, 2020); *United States v. Eyerman*, No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020); *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) (noting that "[i]t seems odd that Congress would allow a defendant to short-circuit the [BOP]'s administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request" and "lapse" in context means warden's failure to act for 30 days).

\*8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).[2]

Even if his administrative remedies were exhausted, or the Court had the authority to waive exhaustion, he fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community. Defendant has failed to carry his burden of showing by corroborating medical evidence that he is entitled to relief. *See United States v. Pemberton*, No. 8:16-cr-275-T-33JSS, 2020 WL 3452227, at \*2 (M.D. Fla. June 24, 2020) (denying motion for compassionate release because defendant did not show medical evidence of a terminal illness or ailments that substantially diminish his ability to care for himself in prison), *appeal docketed*, No. 20-12597, (11th Cir. July 13, 2020). None of the records in this case support Defendant's claim of tuberculosis or any other medical condition that is not under control. *Cf. United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at \*7 (M.D. Fla. May 15, 2020) (finding asthma coupled with possibility of contracting virus, COVID 19, does not constitute extraordinary and compelling reason).

---

[2] The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic. District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at \*5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at \*2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

Additionally, the § 3553(a) factors weigh against his release. His criminal history reveals numerous past offenses. S-132 (PSI). The factual basis of his plea reveals he devised an elaborate plan, with the assistance of his co-defendant brother, to deposit in their accounts U.S. Treasury checks for tax refunds fraudulently obtained. Dkt. 114 at 15–17. The monetary amount of fraudulent tax returns filed totaled $575,884.24. Dkt. 114 at 17. The Defendant's 102-month prison sentence reflects the seriousness of the crimes and serves to protect the public from fraud and identity theft. This fact further weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).[3]

Accordingly, Defendant's motion (Dkt. 184) is denied without prejudice because Defendant has not exhausted all administrative remedies. Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on October 9, 2020.

_William F. Jung_
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Defendant requests he be placed on home confinement, this Court is without jurisdiction to grant this request. See Smith, 2020 WL 2512883, at *3.